**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RONALD GARY,**

             **Plaintiff,**

             v.

**UNITED STATES OF AMERICA et al.,**

             **Defendants.**
_____

**1:17-cv-174
(GLS/ATB)**

## SUMMARY ORDER

Plaintiff *pro se* Ronald Gary commenced this action against defendants United States of America and Sterling Medical Associations, Inc., alleging claims of medical malpractice and negligence. (*See generally* Am. Compl., Dkt. No. 17.) Pending are defendants' unopposed motions to dismiss for failure to prosecute. (Dkt. Nos. 55, 56.) For the reasons that follow, defendants' motions are granted.

On October 3, 2018, Gary's then-counsel moved to withdraw. (Dkt. No. 44.) Defendants did not oppose this motion. (Dkt. Nos. 45, 46.) On October 16, 2018, the court granted the motion, and provided Gary thirty days to obtain new counsel. (Dkt. Nos. 47, 48.) After a telephone conference held on December 10, 2018, the court extended Gary's time to

retain counsel, and ordered him to provide a status update as to his progress if no attorney was retained or appeared by January 14, 2019. (Dkt. No. 50.) No attorney appeared, and Gary did not provide a status update. The court subsequently issued two warnings to Gary, while also affording Gary additional time to attempt to retain an attorney. (Dkt. Nos. 51, 54.) After deadlines expired, with no update from Gary, defendants filed their motions to dismiss. (Dkt. Nos. 55, 56.) Despite yet another extension, this time to respond to the motions, Gary did not respond. (Dkt. No. 57.) On July 16, 2019, Gary was sent a *pro se* handbook and notice, with instruction to read, sign, and return the notice for filing. (Dkt. No. 59.) Gary failed to do so. In sum, nearly nine months have passed since Gary was ordered, and has failed, to obtain new counsel, albeit multiple extensions and warnings.

As pertinent here, Fed. R. Civ. P. 41(b)[1] permits dismissal of an action upon the motion of a defendant "[i]f the plaintiff fails to prosecute or

---

[1] "Courts in this district analyze motions under [Local] Rule 41.2 using the same framework and standards as motions under Rule 41(b)." *Ireland v. Hickey*, 220 F.R.D. 388, 390 (N.D.N.Y. 2004) (citation omitted). Local Rule 41.2(a) provides that "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."

to comply with . . . a court order." "[D]ismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). To determine whether dismissal for failure to prosecute is appropriate, the court must consider the five factors—none of which are dispositive—articulated in *Drake*:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 254 (citations omitted).

The court notes that Gary's failure to respond in opposition to the pending motions to dismiss is not without significance; under this court's Local Rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so long as the court determines that the moving party has met its burden demonstrating entitlement to the relief requested. *See* N.D.N.Y. L.R. 7.1(b)(3); *Herring v.*

3

*Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious.'" (citation omitted)). Additionally, under the Local Rules, "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Defendants have accurately cited proper legal authority supporting the ground upon which their motions are based, (Dkt. No. 55, Attach. 6 at 2; Dkt. No. 56, Attach. 2 at 3-4), and have sufficiently argued the relevant factors which favor dismissal, (Dkt. No. 55, Attach. 6 at 2-3; Dkt. No. 56, Attach. 2 at 4-6). For all of the reasons explained in defendants' motion papers, which the court adopts, dismissal is warranted. Accordingly, the motions are granted, and Gary's action is dismissed for failure to prosecute.

Accordingly, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 55, 56) are **GRANTED**; and it is further

**ORDERED** that Gary's amended complaint (Dkt. No. 17) is

4

**DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 15, 2020
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge